[No. 2545]
# THE STATE OF NEVADA, RESPONDENT, v. ELMER WILLIAMS, ALIAS JAMES P. DOYLE, APPELLANT.

[210 Pac. 995]

1. CRIMINAL LAW—ASSISTANT AUDITOR HELD COMPETENT TO TESTIFY PURPORTED DRAWER OF CHECK HAD NO ACCOUNT.

That the purported drawer of a check had no account at the bank may be proved by a witness who is familiar with the books and has examined them with a view of ascertaining that fact, so that the assistant auditor of a bank is competent to give such testimony where he first testified it was his duty to ascertain who were the customers and depositors at the bank and that he had recently examined the books to ascertain if the purported drawer of the check in controversy had an account.

2. FORGERY—INSTRUCTIONS AS TO EFFECT OF PROOF DRAWER OF CHECK HAD NO ACCOUNT HELD CORRECT STATEMENT OF STATUTE.

In a prosecution for forgery, instructions requiring the prosecution to prove that the purported drawer of the check was a fictitious person, but stating that, if such drawer had no account at the bank, it was sufficient evidence to warrant the finding he was a fictitious person, though such evidence was not conclusive upon the jury, and they might find to the contrary, was a correct statement of crimes and punishments act, sec. 400, defining forgery and specifying the effect to be given to proof that the drawer of the check had no account at the bank.

3. CONSTITUTIONAL LAW—LEGISLATURE POSSESSES WHOLE LEGISLATIVE POWER EXCEPT AS LIMITED BY CONSTITUTION.

The legislature possesses the whole legislative power of the people except so far as its power is limited by the constitution.

4. CRIMINAL LAW—LEGISLATURE MAY, WITHIN LIMITS, PRESCRIBE THAT CERTAIN FACTS SHALL BE PRIMA-FACIE EVIDENCE OF MAIN FACT.

The legislature, under its jurisdiction over rules of evidence in criminal cases, may, with some limitations, enact that, when certain facts have been proved, they shall be prima-facie evidence of the main fact in question.

5. CONSTITUTIONAL LAW—CRIMINAL LAW—FORGERY—STATUTE PROVIDING THAT PROOF THAT DRAWER OF CHECK HAD NO ACCOUNT IS SUFFICIENT EVIDENCE HE WAS NONEXISTENT IS VALID, AND INSTRUCTION THEREON IS PROPER.

Crimes and punishments act, sec. 400, providing that proof that the purported drawer of a check had no account at the bank on which the check was drawn, should be deemed sufficient evidence to sustain an allegation of the nonexistence of the drawer of the check, but not making such evidence conclusive of that fact, does not deny the accused the opportunity for trial or deprive him of due process of law, and an instruction embodying the statute does not violate Const. art. 6, sec. 12, providing that judges shall not charge juries in respect to matters of fact.

APPEAL from Second Judicial District Court, Washoe County; *Geo. A. Bartlett,* Judge.

Elmer Williams, alias James P. Doyle, was convicted of forgery, and he appeals. **Affirmed. Petition for rehearing denied.**

*Frame & Raffetto* and *T. J. D. Salter,* for Appellant:

The holding of a preliminary examination or the waiver of same or the filing of an affidavit as required by Stats. 1913, p. 293, in lieu thereof is a jurisdictional step essential to the jurisdiction of the court.

The testimony of one not a bookkeeper, or one personally familiar with the entries, but who merely examines the books of the bank, is not competent, since the books themselves would not be admissible unless the proper foundation were laid under the shop-book doctrine, which applies in criminal cases. State v. McFarlin, 41 Nev. 486.

An instruction that one of the elements of the offense required to be proven was that there was no such person in existence as the maker of the check, with the additional statement by the court that the fact that the maker of the check had no account in the bank was material evidence tending to show that no such person existed, was a comment upon the evidence and invaded the province of the jury. State v. Duffy, 6 Nev. 138.

An instruction that proof that the purported drawer of a check had no account in the bank is sufficient evidence that the check was fictitious, though such evidence is not conclusive, clearly charges the jury upon a question of fact and invades the province of the jury, and is violative of article 6, section 12, constitution of the State of Nevada. State v. Duffy, supra.

Error resulting from an instruction cannot be cured by the court declaring in the same breath the independence of the jury in determining questions of fact and the weight and sufficiency of evidence. State v. Tickel, 13 Nev. 502; State v. Harkin, 7 Nev. 381.

It is error for the court to make remarks amounting·

to instructions upon the facts and commenting on the weight and sufficiency of the evidence. State v. Ah Tong, 7 Nev. 125; People v. Bonds, 1 Nev. 36.

*L. D. Summerfield*, District Attorney, and *Harlan L. Heward*, Assistant District Attorney of Washoe County, for Respondent:

It is not necessary that the information or some other document should affirmatively show the holding of a preliminary examination before an information may be filed. State v. Bishop (Mo.), 133 S. W. 33.

"We must presume that the examination was had before the justice in accordance with the rule that public officers must be presumed to have performed their duty as required by law, until the contrary appears." People v. Smith, 59 Cal. 365.

Objections to an indictment or information based on absence of any preliminary proceedings should be made by proper motion or plea before pleading to the merits. Stone v. State (Okl.), 155 Pac. 701, 702; Simpson v. State, 185 Pac. 117; State v. Rozell (Mo.), 225 S. W. 931; State v. Dooms, 217 S. W. 46; Roman v. State (Ariz.), 201 Pac. 551, 552. "An objection such as that sought to be raised by appellant herein ought to be made before plea is entered." State v. Wells, 39 Nev. 432, 436.

Where there is written evidence of a fact in issue, the writing is admittedly the best evidence (16 C. J. 612), but the best-evidence rule does not apply when it is sought to prove the nonexistence of the writing. 16 C. J. 612; Moore v. State, 212 S. W. 1099; Gurinsky v. U. S., 259 Fed. 378.

The testimony of the teller of a bank on which a check is drawn that there was no such account on the bank's books is prima-facie evidence of the fictitious character of the check. People v. Eppinger, 38 Pac. 538, 539; People v. Terrill, 65 Pac. 303.

"In determining whether an instruction or portion of a charge is erroneous or calculated to mislead the jury,

the whole charge must be taken together and considered as an entirety." State v. Donovan, 10 Nev. 36; State v. Raymond, 11 Nev. 98; State v. Pritchard, 15 Nev. 74.

It is not error to instruct that evidence of certain facts might be considered by the jury as prima-facie evidence of the guilt of one charged with crime; the validity of such acts has been questioned many times, but usually upheld to be a proper exercise of the police power. State v. Rothrock, 200 Pac. 525, 527; 8 R. C. L. 177; State v. Thomas (Ala.), 40 South. 271; Woten v. State (Fla.), 5 South. 39; State v. Beach (Ind.), 43 N. E. 949.

The cases cited by appellant, to wit: State v. Tickel, 13 Nev. 502; State v. Harkin, 7 Nev. 381; State v. Ah Tong, 7 Nev. 152, and People v. Bonds, 1 Nev. 36, deal with oral comments upon particular facts, and do not apply in the instant case, as the court put the question abstractly, using the word "whenever." The instructions were given under the 1915 statute, and were much milder in form than could have been given.

By the Court, SANDERS, C. J.:

An information was filed in the court below against the defendant, charging him with the crime of forgery, alleged to have been committed as follows:

" * * * That said defendant on the 4th day of November, A. D. 1921, or thereabouts, and before the filing of this information, at and within the county of Washoe, State of Nevada, did then and there wilfully, unlawfully, fraudulently, and feloniously, with the intent to defraud one Edward Herzog, complainant herein, make, pass, utter, and publish a certain fictitious check and instrument in writing for the payment of money, purporting to be the check and instrument of one R. J. Dawson, when in fact there was no such individual as said R. J. Dawson in existence, the said fictitious check and instrument being directed to and drawn upon the California National Bank of Sacramento, Calif., and being in words and figures, as follows, to wit:

" 'Sacramento, Nov. 3d, 1921.  No. 104.

" 'The California National Bank of Sacramento   90-33

" 'Pay to the order of James P. Doyle $41.50, forty-one and $^{50}/_{100}$ dollars.                    R. J. Dawson.'

—when in truth and in fact the said defendant Elmer Williams, alias James P. Doyle, knew that said check and instrument was fictitious at the time of his making, passing, uttering, and publishing the same as aforesaid.  *   *   * "

The defendant was convicted and sentenced to the state prison for a term of not less than one nor more than fourteen years.

1. Upon the trial the state introduced as a witness R. S. Smith, who testified, in substance, that he was and had been assistant auditor of the California National Bank of Sacramento, Calif.; that as such he had access to the records and books of said bank; that it was his duty, as assistant auditor, to ascertain who were the customers and depositors at the bank and who had funds or credits therein on which to draw checks; that its books were in daily use of the bank at Sacramento, Calif.; that he had had occasion recently to examine said books to ascertain if R. J. Dawson, the purported drawer of the alleged check, had an account at said bank; and that the books did not show that said Dawson had an account at the bank. The defendant objected to the evidence, upon the ground that it was not the best evidence of the fact sought to be established, namely, that the purported drawer of the check had no account at the bank.

Counsel seem to concede that a bookkeeper or teller of a bank is qualified to testify that a certain drawer of a check thereon had no account therein, but insist that an assistant auditor of a bank is not qualified. We are not concerned with the force of the testimony, but in this instance we are satisfied that in consideration of his duties as detailed by the witness he was qualified to testify that the books of the bank did not show that the purported drawer of the check had an account at

the bank. This, we are of the opinion, may be done by a witness who is familiar with the books, and has examined the same with the view of ascertaining the fact. Strong v. State, 18 Tex. App. 19.

We conclude that there was no reversible error in the ruling on the assignment based on Smith's evidence.

2. Upon the conclusion of the testimony, the court instructed the jury, in writing, as follows:

"You are instructed that, before you can find the defendant guilty, it is incumbent upon the prosecution to establish by evidence beyond a reasonable doubt each of the following facts, which are essential elements of the offense charged:

"First—That there was not in fact any such a person as R. J. Dawson.

"Second—That at the time of uttering the check in question the defendant knew that there was no such person as R. J. Dawson.

"Third—That said check was passed by the defendant with the intent to defraud.

"It is essential that the state establish each of the above elements by evidence establishing beyond a reasonable doubt that each of the said elements in fact existed, and the proof of any one of the same, in the absence of proof of the others, is insufficient. However, when a check or other instrument in writing is drawn upon any bank, proof that the purported drawer of the same had no account at said bank shall be considered material evidence tending to sustain the allegation of the nonexistence of the drawer of such instrument.

"In the event that you entertain a reasonable doubt as to the existence of any of the above-enumerated facts, it is your duty to find the defendant not guilty."

"The court instructs the jury that, whenever a check or other instrument in writing is drawn upon any bank, proof that the purported drawer of the same had no account at said bank is deemed sufficient evidence to warrant the jury in finding that the purported drawer of the check or instrument in writing is fictitious,

though such evidence is not conclusive upon the jury, and they may find to the contrary."

The defendant challenges these instructions and complains that they are violative of section 12, article 6, of the constitution of Nevada, which provides:

"Judges shall not charge juries in respect to matters of fact, but may state the testimony and declare the law."

Section 400 of the crimes and punishments act (Rev. Laws, 6665, as amended by Statutes of 1915, p. 15; 3 Rev. Laws, p. 3388) reads as follows:

"Every person who shall make, pass, utter, or publish, with an intention to defraud any other person or persons, body politic or corporate, either in this state or elsewhere, or with the like intention shall attempt to pass, utter, or publish, or shall have in his possession, with like intent to utter, pass, or publish, any fictitious bill, note, or check purporting to be the bill, note or check, or other instrument in writing, for the payment of money or property of some bank, corporation, copartnership, or individual, when in fact there shall be no such bank, corporation, copartnership, or individual in existence, the said person knowing the said bill, note, check, or instrument in writing for the payment of money or property to be fictitious, shall be deemed guilty of forgery, and on conviction thereof shall be punished by imprisonment in the state prison for a term not less than one or more than fourteen years. Whenever such note, bill, check, or other instrument in writing is drawn upon any bank, proof that the purported drawer of the same had no account at said bank, shall be deemed sufficient evidence to sustain the allegation of the nonexistence of the drawer of such instrument."

The instructions, considered together, are but declaratory of the rule of evidence declared in the statute as amended, hedged about with language safeguarding the defendant's fundamental rights. It is not complained that the instructions are not a correct statement of the

law creating the offense. If, then, we clearly interpret the position of counsel for the defendant, it is their contention that no direction to the court or jury as to what shall be deemed sufficient evidence to sustain the allegation of the nonexistence of the purported drawer of a check can be given by the legislature.

3. It must be conceded that the legislature possesses the whole legislative power of the people, except so far as its power is limited by the constitution. The power to enact such a provision as that above quoted is founded upon the jurisdiction of the legislature over rules of evidence in criminal cases. The question for determination, therefore, is whether the undoubted power of the legislature to prescribe rules of evidence and methods of proof has been illegally exercised.

4. Courts are committed to the general principle that in criminal prosecutions the legislature may, with some limitations, enact that, when certain facts have been proved, they shall be prima facie evidence of the main fact in question. 8 Ruling Case Law, sec. 171, p. 177.

5. In the absence of statute, it has been held that, where the accused has obtained money from a person for a check drawn by one on a certain banking house, and it appeared that no person of that name kept an account or had funds or credit in that banking house, it is sufficient prima-facie evidence that the drawer was a fictitious person. People v. Eppinger, 105 Cal. 36, 38 Pac. 538; 3 Greenleaf on Ev. (16th ed), sec. 109. Here the statute under review enacts in express terms that proof that the purported drawer of such check on a bank had no account at said bank shall be deemed sufficient evidence to sustain the allegation of the nonexistence of the drawer of such instrument. It is the contention of counsel that the method of proof of the nonexistence of the purported drawer of a check, as expressed in the instructions, pursuant to statutory authorization, amounts to a charge by the court on an essential element of the crime, denies the accused the opportunity for a trial, and substantially deprives him

of due process of law. In this we are unable to agree. The legislature, in prescribing the rule of evidence, has taken the precaution to guard against such results by use of the language "shall be deemed sufficient evidence" —not conclusive—thus giving to the accused a fair opportunity to make his defense and to submit all the facts bearing upon the issue of the nonexistence of the purported drawer, to be weighed by the jury in connection with all the evidence legitimately bearing upon other essential elements of the crime. The instructions merely shape the rule of evidence into form to be considered by the jury in connection with all the facts.

Our conclusion is that neither the statute nor the instructions are assailable on constitutional grounds.

We find nothing in the bill of exceptions to warrant or authorize our consideration of the assignment that the information was filed without preliminary examination of the accused, or an affidavit as required by statute.

The judgment and the order denying the defendant a new trial are affirmed.

### ON PETITION FOR REHEARING

*Per Curiam:* ·

Rehearing denied.