FRANK WINSTON, Petitioner, v. WARDEN, Nevada
State Prison, Respondent.

No. 6065

January 22, 1970                          464 P.2d 30

*Johnson & Sloan,* of Reno, for Petitioner.

*Harvey Dickerson,* Attorney General, and *Robert F. List,*
Carson City District Attorney, for Respondent.

## OPINION

By the Court, Thompson, J.:

This is an original proceeding for a writ of habeas corpus
through which the petitioner seeks release from the Nevada
State Prison where he is serving a six year sentence for forgery.
He contends that his crime was not the felony of forgery, but
instead the misdemeanor of drawing a check on a bank with
which he had no account. For reasons hereafter expressed we
have concluded that his contention is valid, and direct that he
be discharged from custody forthwith.

The facts are these. The petitioner issued a $20 check pay-
able to Bobby Page's. The check was drawn on the Nevada
Bank of Commerce, Carson City, and signed by petitioner as

drawer. He had no account with that bank. He was charged with having violated NRS 205.100, one of the forgery sections of our Code.

Professor Perkins advises that the essence of forgery is the making of a false writing. "It is an indispensable requirement of forgery that the writing be false. It may have been false in its inception or may have been made so by subsequent tampering with what was originally genuine; but it must be a false writing. In this connection it is essential to distinguish between a false instrument and false statements in an instrument. No amount of misstatement of fact and no amount of fraud will make a false instrument out of what purports to be the very instrument which it is in fact and in law." Perkins on Criminal Law, p. 296 (Foundation Press 1957). See also: DeRose v. People, 171 P. 359, 360 (Colo. 1918); Marteney v. United States, 216 F.2d 760, 763–64 (10 Cir. 1954); cases collected, Annot., 41 A.L.R. 229.

The several sections of our Code describing forgery emphasize the "indispensable requirement" mentioned by the Professor. For example, NRS 205.085(2) provides that "forgery" shall include the "false making" of an instrument, and the "alteration" of a genuine instrument; NRS 205.090 refers to the person who shall "falsely make, alter", etc.; and NRS 205.-100 refers to the person who shall make, pass, utter or publish any "fictitious" bill, note or check. In short, the writing must be false.

Notwithstanding these clear expressions of legislative intention, the State argues that the wording of NRS 205.100,[1] and

---

[1]NRS 205.100 provides: "1. Every person who shall make, pass, utter or publish, with an intention to defraud any person or persons, body politic or corporate, either in this state or elsewhere, or with the like intention shall attempt to pass, utter or publish any fictitious bill, note or check purporting to be the bill, note or check, or other instrument in writing, for the payment of money or property of some bank, corporation, copartnership or individual, when in fact there shall be no such bank, corporation, copartnership or individual in existence, the person knowing the bill, note, check or instrument in writing for the payment of money or property or any labor claim or claims to be fictitious, shall be deemed guilty of forgery, and on conviction thereof shall be punished by imprisonment in the state prison for a term not less than 1 year nor more than 10 years, or by a fine of not more than $5,000, or by both fine and imprisonment.

"2. Whenever such note, bill, check or other instrument in writing is drawn upon any bank, proof that the purported drawer of the same had no account at the bank shall be deemed sufficient evidence to sustain the allegation of the nonexistence of the drawer of such instrument."

particularly section 2 thereof broadens the traditional notion of forgery to include that which occurred in this case. Section 1 covers, among other circumstances, the situation where one attempts to defraud another by using the name of a nonexistent person as the drawer of the check. And, section 2 provides that proof that the purported drawer had no account at the bank shall be deemed sufficient evidence to sustain the allegation of the nonexistence of the drawer. Accordingly, the State reasons that if the drawer had no account at the bank he is "nonexistent" for the purposes of NRS 205.100 and may be found guilty of forgery.

We do not so construe the statute. It is not the purpose of section 2 to deny the truth; to make false that which is genuine. Indeed, the wording of section 2 leads inevitably to the conclusion that it applies to a fictitious person since the words "purported drawer" are used, thus indicating that the name used as drawer is not the name of the person who drew the check. In such circumstances, the absence of an account with the bank in the drawer's name is, by statute, made prima facie evidence that the drawer was a fictitious person. State v. Williams, 46 Nev. 263, 270, 210 P. 995 (1923). Its apparent purpose is to aid the State in proving a negative—the nonexistence of the drawer. It does not apply in the face of evidence that the name used as drawer is in fact the name of the person who drew the check.

One who signs his true signature to a check upon a bank in which he has no checking account is not guilty of forgery. The instrument is genuine, even though the statements in it are false.[2] Those false statements give rise to an offense within NRS 205.130; an offense with which this petitioner was not charged.

It is ordered that the petitioner be discharged from custody.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.

---

[2]The case of In re Clemons, 151 N.E.2d 553 (Ohio 1958), is contra to our view. That decision, which the respondent so heavily relies upon, has been soundly criticized by commentators. See: 72 Harv.L.Rev. 566; 45 Va.L.Rev. 286.