LARRY HILL, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 11799

June 14, 1979                                      596 P.2d 234

*Morgan D. Harris,* Public Defender, and *Martin H. Wiener,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Steven J. Parsons,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Following a preliminary examination, Larry Hill was held to answer upon charges of forgery, a felony under NRS 205.090, and possession of stolen property, a felony under NRS 205.275. Hill thereafter filed a pretrial petition for a writ of habeas corpus in the district court contending there was insufficient evidence produced at the preliminary examination to establish probable cause to believe he committed the charged offenses. The petition was denied and Hill has appealed.

Evidence presented at the preliminary examination established that Hill signed his name on ten $100 American Express traveler's checks in the presence of an employee of a Las Vegas casino and presented the checks to the employee for payment. While attempting to verify the checks through a credit agency,

the employee learned that the checks had been "reported missing under mysterious circumstances." Hill was then detained for questioning and was subsequently arrested.

After his arrest, Hill stated to a police officer that he "had bought the checks in L.A. in the Wells Fargo, and that a teller had kept the money and had reported them stolen." An employee of Wells Fargo Bank in Los Angeles testified that the traveler's checks which Hill attempted to cash had disappeared from the bank three days earlier, and that the bank had not sold any $100 traveler's checks that day. Based upon this evidence, Hill was ordered to stand trial.

1. Hill contends that the charge of possession of stolen property cannot stand because the prosecution did not establish that the checks were stolen or that Hill knew or should have known they were stolen. We disagree.

Hill's exclusive possession of the ten traveler's checks, when considered with the circumstances surrounding their disappearance from the bank shortly before he attempted to cash them, gives rise to a reasonable inference that Hill possessed stolen property with the requisite guilty knowledge. *See* Bernier v. Sheriff, 93 Nev. 528, 569 P.2d 406 (1977). We are not now concerned with the prospect that the evidence presently in the record may be insufficient to sustain a conviction. McDonald v. Sheriff, 89 Nev. 326, 512 P.2d 774 (1973).

Hill's ancillary contention that the information is defective because it does not properly allege ownership of the checks or possession with felonious intent is without merit. *See* People v. Silvola, 547 P.2d 1283 (Colo. 1976).

2. Hill also contends that our ruling in Winston v. Warden, 86 Nev. 33, 464 P.2d 30 (1970), requires a dismissal of the charge of forgery. In *Winston* we stated that one who signs his true name to a check upon a bank in which he has no checking account is not guilty of forgery, but has committed an offense within NRS 205.130 (issuance of check upon bank without an account).

Hill's reliance on *Winston* is misplaced; the rule announced there does not apply where, as here, a defendant signs his true name on a traveler's check which has never been issued and which he has no authority to sign. Such conduct amounts to an alteration of the instrument within the meaning of the forgery statute. *See* People v. Pool, 522 P.2d 102 (Colo. 1974); People v. Susalla, 220 N.W.2d 405 (Mich. 1974). "This is because a

traveler's check is cashed on the credit of the issuer. Since American Express had never issued these traveler's checks to anyone, the first person to fill them in, even if he used his own signature, necessarily created forged securities . . . ." United States v. Franco, 413 F.2d 282, 283 (5th Cir. 1969), *cert. denied,* 396 U.S. 836 (1969).

Affirmed.