TOMMY DALE WRIGHT, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 15169

June 20, 1985                                        701 P.2d 743

*Jeffrey D. Sobel*, Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

A jury convicted appellant Tommy Dale Wright of robbery with use of a deadly weapon. Wright appeals, seeking reversal on several grounds, only one of which we shall consider as it is dispositive of this appeal: that the Information failed to include a count charging Wright with aiding and abetting in the commission of the crime. Barren v. State, 99 Nev. 661, 669 P.2d 725 (1983).

On September 14, 1982, at approximately 4:10 a.m., two armed men robbed Little Caesars Casino in Las Vegas. The robbers took approximately $8,600. At around 9:15 a.m., that same morning, police in Blythe, California, arrested three men: Anthony Hisaw, Haywood Clemons, and Tommy Dale Wright. Wright owned the car in which they were driving. The police found a handgun and a plastic bag containing $8,436. Clemons and Wright were brought back to Nevada and charged with the robbery. Hisaw was not charged in this case. Clemons pleaded guilty to a lesser charge of attempted robbery with the use of a deadly weapon.

At Wright's preliminary hearing, the State's witness identified Wright as the man who carried a revolver during the robbery. The State filed an Information charging Wright with commission of robbery with the use of a deadly weapon. At trial, the State produced two eyewitnesses to the robbery of the casino. Both identified Wright as one of the perpetrators. Wright's defense was that this was a mistaken identification and that he was not even inside the casino at the time of the robbery. Two-thirds into the

trial the State called Haywood Clemons to testify. Clemons testified that he and Hisaw were the perpetrators of the robbery. Clemons testified that Wright was outside in the car and unaware of the robbery. Clemons testified that Wright only became aware of the robbery during the drive to California.

During its closing argument the prosecutor stated to the jury, "You and I know that Mr. Wright was most likely not in the casino." The jury received instructions on the vicarious liability of aiders and abettors. When it became apparent that the State had changed its theory, Wright moved for a mistrial. The trial court denied the motion. The jury found Wright guilty of robbery with use of a deadly weapon. After trial, Wright filed a motion for a new trial on the same basis as the motion for a mistrial. The trial court also denied this motion. Wright argues that the State impermissibly changed its theory from charging Wright as a principal to proceeding against him as an aider and abettor. We agree.

[Headnote 1]

NRS 195.020 provides that an aider and abettor to a felony shall be proceeded against and punished as a principal.[1] NRS 173.075(1) requires that the indictment or Information shall contain a definite written statement of the essential facts constituting the offense charged.[2] NRS 173.075(2) indicates that this should either include the means by which the offense was accomplished or show the means are unknown.[3] Simpson v. District Court, 88 Nev. 654, 658, 503 P.2d 1225, 1228 (1972). An

---

[1]NRS 195.020 states:

Every person concerned in the commission of a felony, gross misdemeanor or misdemeanor, whether he directly commits the act constituting the offense, or aids or abets in its commission, and whether present or absent; and every person who, directly or indirectly, counsels, encourages, hires, commands, induces or otherwise procures another to commit a felony, gross misdemeanor or misdemeanor is a principal, and shall be proceeded against and punished as such. The fact that the person aided, abetted, counseled, encouraged, hired, commanded, induced or procured, could not or did not entertain a criminal intent shall not be a defense to any person aiding, abetting, counseling, encouraging, hiring, commanding, inducing or procuring him.

[2]NRS 173.075(1) states:

The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. It shall be signed by the district attorney or by the attorney general acting pursuant to NRS 228.170. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement.

[3]NRS 173.075(2) states:

Allegations made in one count may be incorporated by reference in another count. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed it by one or more specified means.

indefinite indictment deprives a defendant of notice of the particular act alleged to have been committed by the accused and deprives the defendant of his ability to defend properly against the accusation. *Id.* Therefore, an indefinite indictment denies a defendant his fundamental rights. *Id.*

In Barren v. State, 99 Nev. 661, 669 P.2d 725 (1983), this Court stated:

> Although any prosecutor might well desire the luxury of having an option not to reveal his or her basic factual theories, and wish for the right to change the theory of a case at will, such practices hardly comport with accepted notions of due process.

This Court then held:

> [W]here the prosecution seeks to establish a defendant's guilt on a theory of aiding and abetting, the indictment should specifically allege the defendant aided and abetted, and should provide additional information as to the specific acts on constituting the means of the aiding and abetting so as to afford the defendant adequate notice to prepare his defense.

*Id.*

During the preliminary hearing, in the Information, and for over half the trial, the State gave Wright every indication that the State was proceeding under the theory that Wright was a principal in the robbery. Wright's defense was that he was not a perpetrator of the robbery. Wright had no notice that he was also being prosecuted as an aider and abettor. The State interviewed Clemons approximately four days prior to trial and knew the substance of Clemons' testimony at that time. The State failed to amend the Information to allege the alternative theory of aiding and abetting. The State argues that although it failed to allege the aiding and abetting theory, it did so in good faith. Good faith does not alleviate the prejudicial effect in denying Wright's due process rights. The State must give Wright adequate notice of the aiding and abetting charge so that he may prepare his defense. *Barren, supra.*

It is not clear whether the jury found Wright guilty as a principal or as an aider and abettor. The State's final argument and the jury instructions indicate that the basis of the jury's conviction could have been under either theory. Because the State failed to amend its Information to plead the aider and abettor

theory as required by *Barren,* Wright's conviction is reversed and remanded for a new trial. On remand, the State shall, upon proper motion, be permitted to amend the Information to include, as an alternative theory, allegations of the facts which would establish appellant's guilt as an aider and abettor.