MAGGIE JO KOZA AKA MAGGIE ADAMS, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 18196

June 24, 1988                                    756 P.2d 1184

---

[Rehearing denied December 8, 1988]

*Monte J. Morris,* Henderson, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Rex Bell,* District Attorney, and *James Tufteland* and *Ulrich Smith,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Maggie Jo and Joseph Koza were arrested and charged with conspiracy to commit robbery on November 5, 1980. Subsequently, they were also charged with the murder of a Las Vegas taxi cab driver. Joseph Koza was convicted of that murder and his conviction was upheld by a decision of this court in Koza v. State, 100 Nev. 245, 681 P.2d 44 (1984). We reversed and remanded for retrial appellant Maggie Jo Koza's murder conviction on the basis of an illegally obtained confession. Koza v. State, 102 Nev. 181, 718 P.2d 671 (1986). Appellant was retried in January, 1987. This appeal followed.

First, appellant contends that it was reversible error for the district court to allow respondent State of Nevada to proceed on

alternative theories of prosecution. The Information did not reveal that the State intended to proceed on the theories of aiding and abetting and the felony murder doctrine. This court has ruled that the charging document must give adequate notice to the defendant of the theories of prosecution. Barren v. State, 99 Nev. 661, 669 P.2d 725 (1983); Wright v. State, 101 Nev. 269, 701 P.2d 743 (1985); NRS 173.075. The defendants in *Barren* and *Wright* had no prior notice of the prosecutions' intent to proceed on alternative theories. This deprived them of the ability to properly defend against the accusations and denied them their fundamental rights. *Wright.* Maggie Jo Koza had ample notice of the State's intent and was not prejudiced by the inadequacy of the Information. The State proceeded against appellant on the alternative theories at her first trial. A Supplemental Information was filed revealing the prosecution's intent to proceed on those theories. Counsel for Koza filed a motion in the district court alleging inadequacy of the Information five months before the second trial. We do not condone the State's failure to amend its Information to properly reveal the theories under which it intended to proceed, but due process was served by appellant's actual knowledge of the prosecution's intent to proceed on those theories. Where a defendant has not been prejudiced by the charging instrument's inadequacy the conviction will not be reversed. Laney v. State, 86 Nev. 173, 466 P.2d 666 (1970).

Second, Koza argues that the testimony of the people in the pickup truck who allegedly gave her and Joseph Koza a ride following the crime, was "fruit of the poisonous tree" and admitted in error. Wong Sun v. United States, 371 U.S. 471 (1963). The witnesses were discovered as a result of a Las Vegas newspaper aricle requesting that the people with the pickup truck come forward to assist the prosecution in bolstering its case against the Kozas. The district attorney's office acquired the ride information from Maggie Jo Koza's illegally obtained confession. Even if the testimony was "fruit of the poisonous tree" its admission was not reversible error. There was sufficient other evidence to establish Maggie Jo Koza's guilt with respect to the crime charged. *See* Sechrest v. State, 101 Nev. 360, 705 P.2d 626 (1985). Her fingerprints were found on the bumper of the taxi cab driven by the murder victim. The murder weapon was found in the apartment belonging to Maggie Jo and Joseph Koza.

Finally, Koza raises issues related to the testimony of switchboard operator Joseph Ulrey. We disposed of the admissibility of this testimony in Koza v. State, 100 Nev. 245, 681 P.2d 44 (1984) and decline to address related concerns.

Having reviewed the record on appeal, and for the reasons set forth above, we conclude that appellant Maggie Jo Koza has failed to demonstrate error in this appeal. Accordingly, we affirm the judgment of the district court.