997 P.2d 126 (2000)
The STATE of Nevada, Petitioner,
v.
The EIGHTH JUDICIAL DISTRICT COURT OF the STATE of Nevada, In and For the COUNTY OF CLARK, and the Honorable Joseph S. Pavlikowski, District Judge, Respondents, and
Darris Tremel Taylor, Real Party in Interest.
No. 34349.
Supreme Court of Nevada.
March 13, 2000.
*127 Frankie Sue Del Papa, Attorney General, Carson City; Stewart L. Bell, District Attorney, and James Tufteland, Chief Deputy District Attorney, Clark County, for Petitioner.
Philip J. Kohn, Special Public Defender, and Dayvid J. Figler, Deputy Special Public Defender, Clark County, for Real Party in Interest.
BEFORE MAUPIN, SHEARING and BECKER, JJ.

OPINION
SHEARING, J.
This petition seeks a writ of mandamus directing the district court to vacate its order granting Darris Tremel Taylor's motion to strike a second amended information. Taylor *128 was originally charged by a criminal information with willful, deliberate and premeditated murder with the use of a deadly weapon. The State filed a second amended information on the morning trial was to begin which alleged two additional theories of murder: (1) aided and abetted murder, and (2) felony murder. For the reasons discussed below, we conclude that the district court did not abuse its discretion in striking the theory of aided and abetted murder. However, we further conclude that the district court manifestly abused its discretion in striking the theory of felony murder because Taylor had notice of this theory.

FACTS
On March 2, 1996, the body of Melvin Charles Rayford was found in Room 35 at the City Center Motel in Las Vegas; the victim had died as a result of three gunshot wounds to the head. A criminal complaint was subsequently filed in the justice court charging Taylor with robbery with the use of a deadly weapon, murder with the use of a deadly weapon, and possession of a firearm by an ex-felon. COUNT II, murder with the use of a deadly weapon, stated the defendant "did then and there, without authority of law, and with premeditation and deliberation, and with malice aforethought, wilfully and feloniously kill MELVIN CHARLES RAYFORD, a human being, by shooting at and into the body of the said MELVIN CHARLES RAYFORD, with a deadly weapon, to-wit: a firearm."
A preliminary hearing was conducted on December 5, 1996. At the conclusion of the preliminary hearing, the justice court determined that there was probable cause to believe Taylor had committed the crimes in question and bound Taylor over for trial in the district court. On December 6, 1996, a criminal information was filed in the district court. The murder count contained in the information was identical to that contained in the criminal complaint. On December 29, 1997, the State filed an amended information, which severed the ex-felon in possession of a firearm count and added one additional witness.
On March 22, 1999, the morning the trial was to begin, the State filed a second amended information in the district court. The murder count was amended to add alternative theories of liability:
Defendant being liable under one or more of the following theories, to-wit: 1. by directly committing said act with premeditation, deliberation, and with malice aforethought; and/or 2. Defendant aiding and/or abetting another unknown individual during the commission of this murder; and/or 3. by Defendant committing this murder during the commission of a felony, to-wit: robbery.
Taylor objected to the filing of the second amended information, and filed a motion to dismiss, or in the alternative, motion to strike the second amended information. Taylor argued: (1) the second amended information should be dismissed because the State failed to set forth a clear, definite and concise statement of the offense as required by NRS 173.075(1),[1] (2) the case should be dismissed because of prosecutorial misconduct, pre-accusatorial delay and denial of speedy trial rights, and/or (3) the second amended information should be stricken because different offenses were charged, the substantial rights of the defendant were prejudiced, and portions of the second amended information were inconsistent with one another. The State opposed the motion, and Taylor filed a reply.
On May 27, 1999, the district court orally denied the motion to dismiss but granted the motion to strike. The State then filed a motion to clarify the order granting Taylor's motion to strike, seeking clarification as to whether the entire second amended information was stricken or whether only that portion alleging aiding and abetting was stricken. On June 10, 1999, the district court conducted a hearing regarding the previous order and ultimately entered a written order striking both theories, aiding and abetting and felony murder, from the second amended information.
*129 The State has filed this original petition for writ of mandamus challenging the district court's order granting the motion to strike. This court ordered Taylor to file an answer against issuance of the requested writ and granted the State's motion for a stay of the proceedings below.

DISCUSSION
The State is required to give adequate notice to the accused of the various theories of prosecution. See Alford v. State, 111 Nev. 1409, 906 P.2d 714 (1995); Koza v. State, 104 Nev. 262, 756 P.2d 1184 (1988); Barren v. State, 99 Nev. 661, 669 P.2d 725 (1983). NRS 173.095(1) provides, "[t]he court may permit an indictment or information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." Amendment of the information prior to trial is an appropriate method for giving the accused the notice to which he or she is entitled.
The State contends that the district court's granting of Taylor's motion to strike the second amended information was an arbitrary and capricious exercise of discretion. The State argues that it had an absolute right to amend the information pursuant to NRS 173.095(1) to provide notice of alternative theories of murder because the amendments did not contain any additional charges and did not prejudice the substantial rights of Taylor.
First, we agree with the State's argument that the amendment of the information to set forth theories of aiding and abetting murder and felony murder merely added alternative theories of the mental state required for first degree murder and did not amount to the charging of additional or different offenses. See Holmes v. State, 114 Nev. 1357, 1364, 972 P.2d 337, 342 (1998); see generally Evans v. State, 113 Nev. 885, 893-96, 944 P.2d 253, 258-60 (1997).
We further conclude, however, that the district court did not abuse its discretion in determining that Taylor's substantial rights were prejudiced by the amendment alleging aiding and abetting. Taylor's substantial rights were effectively prejudiced by the State's delay in amending the information to include this theory. Unlike the felony murder theory discussed below, there is no indication from the documents before this court that prior to the morning of trial Taylor received adequate actual notice of the State's theory that he aided and abetted the murder of Rayford.[2] Moreover, in Barren, this court held:
[W]here the prosecution seeks to establish a defendant's guilt on a theory of aiding and abetting, the indictment should specifically allege the defendant aided and abetted, and should provide additional information as to the specific acts constituting the means of the aiding and abetting so as to afford the defendant adequate notice to prepare his defense.
99 Nev. at 668, 669 P.2d at 729. The second amended information set forth no additional information as to the specific acts constituting the means of aiding and abetting. Therefore, our intervention with respect to this portion of the district court's order is not warranted.
The district court did manifestly abuse its discretion, however, in determining that Taylor's substantial rights would be violated if the State amended the information to include a theory of felony murder. See Koza, 104 Nev. at 264, 756 P.2d at 1185-86. Taylor had notice of this theory in the criminal complaint filed in 1996. The complaint placed Taylor on notice that the State was seeking to prosecute him for both murder with the use of a deadly weapon and robbery with the use of a deadly weapon. The criminal *130 complaint, the information, and the amended information alleged that Taylor committed the murder and robbery of the victim, Rayford, on or between March 1, 1996, and March 2, 1996. Thus, Taylor's substantial rights were not prejudiced when the State amended the information to include a theory of felony murder, and we conclude that the district court sufficiently abused its discretion in striking this theory so as to warrant our intervention by extraordinary writ.[3]

CONCLUSION
A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, NRS 34.160, or to control an arbitrary or capricious exercise of discretion. See Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981). A writ of mandamus will not issue, however, if petitioner has a plain, speedy and adequate remedy in the ordinary course of law. See NRS 34.170. Further, mandamus is an extraordinary remedy, and it is within the discretion of this court to determine if a petition will be considered. See Poulos v. District Court, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982); see also State ex rel. Dep't Transp. v. Thompson, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983). A district court order granting a motion to strike an amended information is not among the determinations that are appealable by the State. See NRS 177.015. Thus, the State has no plain, speedy, and adequate remedy in the ordinary course of law.
Accordingly, we grant, in part, the State's petition for a writ of mandamus. The clerk of this court shall issue a writ of mandamus directing the district court to vacate its order granting Taylor's motion to strike the second amended information as it pertained to the theory of felony murder and permit the State to amend the information to include a theory of felony murder. Further, we vacate the stay previously imposed by our order of June 23, 1999.
MAUPIN and BECKER, JJ., concur.
NOTES
[1] NRS 173.075(1) provides, "[t]he indictment or the information must be a plain, concise and definite written statement of the essential facts constituting the offense charged."
[2] It appears that the State may have conceded below that the aiding and abetting theory was properly stricken. Specifically, at the hearing on the State's motion to clarify, the State argued:

What we want to make sure of here today is that in fact the State is being allowed to proceed on at least the felony murder.
You will note in their response basically it did address the aiding and abetting, and the State will concede that actual theory but we are asking to make sure that it is clarified that we were actually allowed to proceed on the felony murder theory of the murder with the use.
(Emphasis added.)
[3] In his answer, Taylor argues that the second amended information did not contain a sufficiently definite and concise statement of the felony murder theory. We reject this contention.