An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL DYBUS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65855

**FILED**

MAY 18 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

### ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of grand larceny and forgery. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

First, appellant Michael Dybus alleges that the district court abused its discretion by permitting the State to amend the information after he testified. We disagree. A district court abuses its discretion in allowing an amendment to an information if an additional or different offense is charged or the substantial rights of the defendant are prejudiced. *Green v. State*, 94 Nev. 176, 177, 576 P.2d 1123, 1123 (1978); *see* NRS 173.095(1). Here, the first information alleged that appellant committed grand larceny by stealing property valued at $2,500 or more. The amended information alleged that appellant committed grand larceny by stealing property valued at $250 or more. This amendment did not add a new or different offense but merely changed the penalty associated with the grand larceny charge. *See* 1997 Nev. Stat., ch. 150, § 7, at 339. Dybus had notice that the information might be amended in this manner because

15-15183

the State informed him prior to trial that it would do so if necessary to conform with the evidence presented. *See Grant v. State*, 117 Nev. 427, 434, 24 P.3d 761, 765 (2001). In addition, Dybus was not prejudiced. The amendment did not change the State's theory of the case, *see State v. Dist. Ct.*, 116 Nev. 374, 377, 997 P.2d 126, 129 (2000), or "direct[ ] a verdict for conviction" against him, *Green*, 94 Nev. at 177, 576 P.2d at 1123. We reject the assertion that Dybus was prejudiced because the amendment made it more likely that he would be found guilty of the crime.[1] Finally, Dybus fails to demonstrate that the oral amendment's subsequent memorialization was improper. *See Phipps v. State*, 111 Nev. 1276, 1279, 903 P.2d 820, 822 (1995). Accordingly, we conclude that no relief is warranted on this claim.

Second, Dybus asserts that the district court erred by failing to instruct the jury that value is an essential element of grand larceny and that value is assessed by the fair market value of the property. Because Dybus did not object, we review for plain error. *See Valdez v. State*, 124 Nev. 1172, 1199, 196 P.3d 465, 483 (2008). Dybus fails to demonstrate plain error. The jury was properly instructed on the elements of grand larceny and that the jury had to find each element beyond a reasonable doubt. 1997 Nev. Stat., ch. 150, § 7, at 339. Moreover, "[t]he value of

---

[1]We have excluded from our consideration the alleged statements made by jurors after the verdict regarding their deliberative process. *See* NRS 50.065(2).

property involved in a larceny offense shall be deemed to be the highest value attributable to the property by any reasonable standard," which includes, but is not limited to, the property's fair market value. NRS 205.251(1); *Stephans v. State*, 127 Nev. Adv. Op. 65, 262 P.3d 727, 730 (2011). Regardless, testimony was admitted at trial, without objection, that the fair market value of the property was more than $250. Accordingly, we conclude that no relief is warranted on this claim.

Third, Dybus contends that the prosecutor committed misconduct by asking him whether the victim was lying and goading him into calling the victim a liar. We disagree. During direct examination, Dybus testified that the victim falsely accused him of the crimes because he was no longer available to care for her in the manner that she had grown accustomed—not that she accused him "out of mistake or hazy recollection." *Daniel v. State*, 119 Nev. 498, 518, 78 P.3d 890, 903 (2003) (internal quotation marks omitted). Moreover, Dybus did not object to the prosecutor's questioning and he fails to demonstrate error that was plain and affected his substantial rights. *See Valdez*, 124 Nev. at 1190, 196 P.3d at 477. We conclude that no relief is warranted.[2]

Finally, Dybus challenges his forgery conviction. The State concedes that the conviction is invalid. We agree because "[o]ne who signs his true signature to a check upon a bank in which he has no checking

_____

[2]Dybus also argues that cumulative error entitles him to relief. Because we have found no error, there are no errors to cumulate.

account is not guilty of forgery." *Winston v. Warden*, 86 Nev. 33, 35, 464 P.2d 30, 32 (1970). Accordingly, we reverse the forgery conviction.

Having considered Dybus' claims, we

ORDER the judgment of the district court REVERSED as to the forgery count and AFFIRMED in all other respects and REMAND this matter for the entry of an amended judgment of conviction consistent with this order.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Eighth Judicial District Court Dept. 20
        Clark County Public Defender
        Attorney General/Carson City
        Attorney General/Las Vegas
        Clark County District Attorney
        Eighth District Court Clerk