SHERIFF, NYE COUNTY, NEVADA, Appellant, *v.* GERALD JOSEPH AESOPH, Respondent.

No. 14972

August 24, 1984　　　　　　　　　　686 P.2d 237

*Brian McKay,* Attorney General, Carson City; *A. D. Demetras,* District Attorney, Nye County, for Appellant.

*Goodman, Terry, Stein & Quintana,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The district court granted respondent Aesoph's pretrial petition for a writ of habeas corpus as to one count of kidnapping with the use of a deadly weapon. The Sheriff of Nye County appealed from the district court's order granting the writ, contending that the district court's order was in error. We agree.

In its order granting the writ, the district court stated that it agreed with Aesoph's contention that the kidnapping count in the information failed to give Aesoph adequate notice of the charge against him as is required under NRS 173.075(1)[1] and Simpson v. District Court, 88 Nev. 654, 503 P.2d 1225 (1972). Aesoph's contention in this regard centered on the fact that the information set forth two alternative and distinct theories of prosecution since it alleged that he had committed the kidnapping with either the intent to hold the victim for ransom, or, alternatively, with the intent to rob the victim. Aesoph contended that the allegations of alternative theories rendered the information inadequate and insufficient since the state would have then been able to change its theory of prosecution "at will" during the course of trial, in violation of Simpson v. District Court, *supra.*

Aesoph's reliance on *Simpson* is misplaced. In *Simpson,* we were concerned with a situation in which the state failed to allege any theory of prosecution whatsoever in a murder indictment which had been filed against the defendant. Here, however, the state alleged two specific theories of prosecution with respect to the kidnapping count. This clearly provided adequate notice to Aesoph that he had to be prepared to defend at trial against both of these theories of prosecution. *Cf.* NRS 173.075(2);[2] State v. Kirkpatrick, 94 Nev. 628, 584 P.2d 670

---

[1]NRS 173.075(1) provides in part that:

> The indictment or the informaion shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.

[2]NRS 173.075(2) provides in part that:

> It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed it by one or more specified means.

(1978) (where one offense may be committed by one or more specified means, accused must be prepared to defend against all means alleged). *See also* Simpson v. District Court, *supra,* 88 Nev. at 658 n.4, 503 P.2d at 1228 (NRS 173.075(2) permits state to allege that the exact manner or means of committing an offense are unknown).[3]

We therefore conclude that the district court erred in granting the writ. The district court's order is reversed and the matter is remanded to the district court for trial on the merits.

---

[3]We decline to rule at this time concerning whether a charging document alleging numerous alternative theories of prosecution or means by which a crime has been committed would be invalid as failing to provide an accused with adequate notice; the holding in our opinion is instead limited to the specific factual situation at hand in which only two alternative theories of prosecution have been alleged.