OPINION
 

 By the Court,
 

 Shearing, J.:
 

 Appellant Jennings was terminated from his job at the United States Postal Service in Las Vegas. On December 16, 1996, when Jennings received the final decision affirming his termination, he started a three-day crack cocaine binge with an acquaintance. He also removed his wife’s gun from their home sometime during those three days, allegedly because he was planning to kill himself.
 

 Jennings later claimed that on the morning of December 19th, while still under the influence of cocaine, he drove to the post office parking lot, beckoned to the victim, a former co-worker, and then killed him by firing two bullets into his head. Jennings said the victim was trying to take the gun out of his hand when it went off. Jennings drove away and turned himself in to the police a few minutes later.
 

 Jennings gave the police a voluntary, tape-recorded statement regarding the shooting and events leading up to it. Jennings was charged with first-degree murder with the use of a deadly weapon. The case proceeded to trial, and Jennings testified on his own behalf. Following his testimony, the State amended its information to add a felony-murder theory alleging Jennings kidnapped the victim before shooting him. The jury convicted Jennings of first-degree murder with the use of a deadly weapon, and the district court sentenced him to two consecutive life sentences without the possibility of parole. Jennings appeals from this judgment.
 

 
 *490
 

 Amendment of information
 

 Jennings argues that his Sixth Amendment right to a fair trial under the United States Constitution was violated by the State’s amendment of the information after he already testified. In fact, the amendment of the information was allegedly based on Jennings’ testimony.
 

 Amendment of a criminal information at any time before verdict is authorized by NRS 173.095(1), providing in pertinent part:
 

 The court may permit an indictment or information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.
 

 The first requirement under the statute for amendment of the criminal information at any time before verdict is that no additional or different offense is charged. Amendment of the information to set forth added alternative theories of the mental state required for first-degree murder does not charge an additional or different offense.
 
 See
 
 State v. Dist. Ct., 116 Nev. 374, 378, 997 P.2d 126, 129 (2000). However, we conclude that substantial rights of Jennings were prejudiced by the amendment of the information after he testified. The Sixth Amendment and Article 1, Section 8 of the Nevada Constitution both guarantee a criminal defendant a fundamental right to be clearly informed of the nature and cause of the charges in order to permit adequate preparation of a defense.
 
 [1]
 

 See
 
 Sheppard v. Rees, 909 F.2d 1234, 1236 (9th Cir. 1989) (citing Cole v. Arkansas, 333 U.S. 196 (1948)). Jennings did not have that opportunity.
 

 This court has held that adding the theory of felony-murder to murder, based on premeditation and deliberation, at the close of a case, violates the Sixth Amendment and NRS 173.075(1).
 
 See
 
 Alford v. State, 111 Nev. 1409, 1415, 906 P.2d 714, 717 (1995). In
 
 Alford,
 
 this court stated:
 

 To put a man on trial without giving him,
 
 in the information, a statement of the acts constituting the offense
 
 in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended and to let him know these facts, for the first time when his trial is in progress, is to deprive him of the protection the statute was designed to give him and deny him due process of law in violation of . . . the Constitution.
 

 
 *491
 

 See id.
 
 at 1415 (quoting Simpson v. District Court, 88 Nev. 654, 659, 503 P.2d 1225, 1229 (1972)) (cites and quotation marks omitted).
 

 The decision in
 
 Alford
 
 is based on the lack of sufficient notice so as to enable the defendant to defend the charge.
 
 See id.
 
 The State contends that the amendment adding the theory of felony-murder in this case is controlled by our decision in Noonan v. State, 115 Nev. 184, 980 P.2d 637 (1999), and not by
 
 Alford.
 
 In
 
 Noonan
 
 the State requested a jury instruction based upon felony-murder involving a violation of the felony child endangerment statute. We concluded that the failure of the State to include felony endangerment in the information was not a violation of
 
 Alford
 
 because the information charged murder as a result of child abuse and set forth the specific fact that Noonan placed the victim in a cold environment, resulting in death by hypothermia.
 

 Thus Noonan was aware that the State sought to prove that he had placed the child in a dangerous situation. Before trial, Noonan denied any culpability. However, on direct examination, Noonan admitted to negligently placing the child in a dangerous situation. There was no surprise to Noonan for the State to then seek a jury instruction on felony endangerment arising from the same set of facts as alleged in the information.
 

 In this case, Jennings had no notice, before he testified, of any allegations of facts that would support a charge of felony-murder. Therefore, he had no opportunity to defend the charge. The instant case is further distinguishable from
 
 Noonan,
 
 where the defendant’s testimony yielded new information of which the State was not previously aware, and which supported an additional charge of felony-murder.
 
 Id.
 
 at 188-89, 980 P.2d at 639. In the instant case, by contrast, the State was aware from Jennings’ pretrial statements, that Jennings called the victim over at gunpoint.
 
 [2]
 
 The State did not, however, allege this conduct as part of his criminal activity until Jennings’ defense was substantially completed. Jennings had no reason to expect that the State would allege his act of beckoning to his victim with a gun in his hand constituted a kidnapping.
 
 See Alford,
 
 111 Nev. at 1414, 906 P.2d at 717. Jennings’ defense would likely have been quite different had he
 
 *492
 
 known he would be charged on a theory that disregarded his intent to murder, and his decision whether to testify might have been different.
 

 In view of our decision on this issue we do not need to examine appellant’s remaining contentions. The conviction is reversed and remanded to the district court for further proceedings.
 

 Maupin and Becker, JJ., concur.
 

 [1]
 

 The Sixth Amendment guarantee is applicable to the states through the Due Process Clause of the Fourteenth Amendment.
 
 See
 
 In re Oliver, 333 U.S. 257, 275-76 (1948).
 

 [2]
 

 Jennings’ confession to Detective Thowsen was as follows:
 

 “I pulled up. And my gun was in my, there on the hat was on it and I, and I say, ‘Hey, I want to talk to you,’ and I wanted to ask him where was Barco at, cause Barco always leaving. And then he said, ‘Whoa.’ And then he I—when he got outta the car, he looked and then that’s when I raise the gun up like that. I say, T want to you.’ And he said, ‘Whoa,’ then he, he came around to my side and stuck his head and tried to grab the gun. I had the gun in this hand like this.”