BENJARDI BATUCAN VIRAY, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 42325

May 26, 2005                                                 111 P.3d 1079

*Philip J. Kohn,* Public Defender, and *Craig F. Jorgenson,* Chief Deputy Public Defender, Clark County, for Appellant.

*Brian Sandoval,* Attorney General, Carson City; *David J. Roger,* District Attorney, and *James Tufteland,* Chief Deputy District Attorney, Clark County, for Respondent.

Before ROSE, GIBBONS and HARDESTY, JJ.

# OPINION

By the Court, HARDESTY, J.:

Although it is clear that a district court must grant a mistrial in cases of prejudicial juror misconduct,[1] on appeal we consider whether a juror can be removed mid-trial and substituted by an alternate for violating the court's admonishment not to discuss the case before deliberations.

Appellant Benjardi Batucan Viray contends that the district court erred by refusing to: (1) grant a continuance when the State amended the information on the first day of trial, and (2) order a mistrial instead of substituting an alternate juror mid-trial for a juror who violated the court's admonishment not to discuss the case. Because we conclude the amendment to the information simply corrected a transposition of peripheral facts and the district court utilized the proper procedure for dismissing a juror during trial and appointing an alternate, we affirm the judgment of conviction.

## *FACTS*

The State filed a criminal complaint against Viray, accusing him of performing lewd acts and sexually assaulting his live-in girlfriend's daughter. At the preliminary hearing, the victim testified that, among other things, Viray forced her to massage his legs and feet. Following the preliminary hearing, the State filed an information that alleged that the victim sat on Viray's lap while he massaged her legs and/or feet. The inconsistency between the information and the victim's testimony became apparent when Viray filed a pretrial petition for a writ of habeas corpus. In its response to the writ petition, the State acknowledged the error and proposed an amendment to conform the information to the victim's testimony at the preliminary hearing. The writ was denied, but the State failed to amend the information until the first day of trial. Viray sought a continuance, which the court denied.

On the fourth day of trial, the district court received a note from juror four expressing reservations about his role as a juror and requesting to be released from his duties. The court provided copies to both parties and read the note into the record.

Over Viray's objection, the court interviewed juror four. Juror four was escorted into the courtroom, placed under oath and ques-

---

[1]*Lane v. State,* 110 Nev. 1156, 1162, 881 P.2d 1358, 1363 (1994), *vacated on other grounds on rehearing,* 114 Nev. 299, 956 P.2d 88 (1998).

tioned by the court. He confirmed the content of the note, expressed doubts about his ability to participate, and explained that he had awakened in the middle of the night trying to figure out how to form a solution that would not be disruptive for both parties in the case. During the colloquy, the court asked if juror four had discussed this issue with anyone else. Juror four confirmed that he had discussed his concerns with juror five who sat next to him on the jury panel.

The district court then questioned juror five who confirmed a discussion with juror four; however, juror five testified that their conversation was limited to juror four's doubts about serving as a juror and the fact that he had a sleepless night thinking about a solution for the case. Juror five stated that he had not made up his mind and would withhold personal opinions about the case until it was finally submitted to the jury for deliberation.

Viray objected to the removal of juror four, or in the alternative, requested a mistrial. The court excused juror four and replaced him with an alternate. Juror five was allowed to remain.

## DISCUSSION

### Amendment of information

Viray argues that the district court abused its discretion by allowing the State to amend the information during the first day of trial, substantially prejudicing his rights. We disagree.

NRS 173.095(1) states, "The court may permit an indictment or information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." Such a determination is within the district court's discretion.[2]

A criminal defendant has a substantial and fundamental right to be informed of the charges against him so that he can prepare an adequate defense.[3] As a result, this court has held that "[t]he State is required to give adequate notice to the accused of the various theories of prosecution."[4] An information must properly include "a statement of the acts constituting the offense in ordinary and concise language."[5] An inaccurate information does not prej-

[2]*Green v. State,* 94 Nev. 176, 177, 576 P.2d 1123, 1123 (1978).

[3]*Jennings v. State,* 116 Nev. 488, 490, 998 P.2d 557, 559 (2000).

[4]*State v. Dist. Ct.,* 116 Nev. 374, 377, 997 P.2d 126, 129 (2000).

[5]*Jennings,* 116 Nev. at 490, 998 P.2d at 559 (internal quotation marks and citations omitted); NRS 173.075(1).

udice a defendant's substantial rights if the defendant had notice of the State's theory of prosecution.[6]

This court addressed the amendment of a criminal complaint during trial in *Shannon v. State*.[7] In that case, the original complaint stated that Shannon had committed sexual assault by inserting his penis into the mouth of a minor.[8] After the trial commenced, the State amended the information to allege that the minor's penis was inserted into Shannon's mouth.[9] Despite a change in the factual sequence, this court concluded that the midtrial amendment did not affect the defendant's substantial rights and the charged offense remained the same.[10]

Here, Viray's substantial rights were not prejudiced, and the charges remained the same. As the State proposed in its opposition to the pretrial habeas corpus petition, the information was amended to conform to the victim's testimony at the preliminary hearing. The district court did not abuse its discretion in allowing the State to amend the information and refusing to continue the trial.

*Juror removal*

We take this opportunity to discuss the procedure for removing and replacing a juror who has violated the district court's admonishment not to discuss the case at hand.

Juror four was dismissed for violating the district court's admonishment under NRS 175.401(1), which states in pertinent part that at each adjournment, the judge must admonish the jurors not to "[c]onverse among themselves or with anyone else on any subject connected with the trial." We have previously held that a district court must grant a mistrial in cases of prejudicial juror misconduct.[11] We conclude today that a district court has discretion to remove a juror mid-trial for violation of the court's admonishment rather than declaring a mistrial. In exercising its discretion, a district court must conduct a hearing to determine if the violation of the admonishment occurred and whether the misconduct is prejudicial to the defendant. Prejudice requires an evaluation of the quality and character of the misconduct, whether other jurors have

---

[6]*Dist. Ct.,* 116 Nev. at 378-79, 997 P.2d at 129; *Koza v. State,* 104 Nev. 262, 264, 756 P.2d 1184, 1185 (1988).

[7]105 Nev. 782, 783 P.2d 942 (1989).

[8]*Id.* at 785 n.2, 783 P.2d at 944 n.2.

[9]*Id.* at 785, 783 P.2d at 944.

[10]*Id.*

[11]*Lane,* 110 Nev. at 1162, 881 P.2d at 1363.

been influenced by the discussion, and the extent to which a juror who has committed misconduct can withhold any opinion until deliberation.

NRS 16.080 provides for the discharge and replacement of jurors who are disqualified or unable to perform their duties. The ability to replace a juror with an alternate is particularly important before the juror's misconduct influences the other jurors or results in prejudice to the defendant. Further, district courts can, under appropriate circumstances, replace a juror with an alternate during deliberations instead of declaring a mistrial.[12]

The California Supreme Court in *People v. Daniels* addressed the removal of a juror who violated the admonishment not to discuss the case with others.[13] That court held removal was proper because a juror who violates the admonishment to ''refrain from discussing the case or reading newspaper accounts of the trial cannot be counted on to follow jury instructions in the future.''[14] A juror is obligated to follow directions, and a juror who is unable to follow directions is unable to perform his or her duty as a juror.[15]

In this case, the district court conducted a hearing for each juror involved in violating the admonishment outside the presence of the other jurors. Misconduct was established as to juror four when he violated the admonishment in his discussion of the case with juror five. However, juror five was not influenced by the discussion and could withhold any opinion until deliberations. A mistrial was not required and the district court properly exercised its discretion to remove and replace juror four.

## CONCLUSION

We conclude the district court did not abuse its discretion by allowing the amendment to the information during the first day of trial and refusing to grant a continuance. We further conclude that the district court did not abuse its discretion by properly rejecting a motion for mistrial and following the proper procedure to remove and replace a juror mid-trial for failure to abide by the court's admonishment not to discuss the case with others. Accordingly, we affirm the judgment of conviction.

ROSE and GIBBONS, JJ., concur.

---

[12]*Id.*; *McKenna v. State,* 96 Nev. 811, 813, 618 P.2d 348, 349 (1980).

[13]802 P.2d 906 (Cal. 1991).

[14]*Id.* at 930.

[15]*People v. Williams,* 21 P.3d 1209, 1213-14 (Cal. 2001).