# IN THE SUPREME COURT OF THE STATE OF NEVADA

ARMANDO VERGARA-MARTINEZ
A/K/A ARMANDO MARTINEZ
VERGARA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65853

FILED

APR 0 5 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of attempted murder with the use of a deadly weapon, battery with the use of a deadly weapon resulting in substantial bodily harm constituting domestic violence, and mayhem. Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

The jury found appellant Armando Vergara-Martinez guilty of attempted murder with the use of a deadly weapon, battery with the use of a deadly weapon resulting in substantial bodily harm constituting domestic violence (hereinafter "battery resulting in substantial bodily harm"), and mayhem after he attacked former girlfriend Maria Gomez with a machete—splitting her head open and nearly severing both her hands. The district court sentenced him to the maximum punishment for each count, to be served consecutively. On appeal, Vergara-Martinez contends that this court should reverse his judgment of conviction, alleging a variety of errors at the trial level. We conclude that reversal is not warranted.

First, Vergara-Martinez argues that double jeopardy prohibits his dual conviction for battery resulting in substantial bodily harm and mayhem. We disagree. Double jeopardy does not prohibit the dual

16-10548

convictions here because each machete stabbing to Gomez's person constituted its own distinct act of violence, resulting in distinct injuries to distinct body parts. Therefore, each conviction stems from a separate act constituting a criminal offense, whereas double jeopardy is concerned with, among other things, multiple punishments for a single criminal offense. *See Jackson v. State*, 128 Nev., Adv. Op. 55, 291 P.3d 1274, 1278 (2012) (stating that the Double Jeopardy Clause prohibits "multiple punishments for the *same offense*" (emphasis added)); *Gaxiola v. State*, 121 Nev. 638, 651, 119 P.3d 1225, 1234 (2005) (finding that separate acts may "result in separate convictions even though the acts were the result of a single encounter and all occurred within a relatively short time" (internal quotation omitted)). The State's charging document supports this interpretation because it specifies separate acts which provided the bases for each charge. Specifically, Vergara-Martinez was convicted of battery resulting in substantial bodily harm for "striking . . . Gomez in the head, neck, and/or chest," whereas the mayhem conviction was based on striking "Gomez about the arms and/or hands with a machete," and actually depriving her of her arms and/or hands. Therefore, we conclude that Vergara-Martinez's dual convictions for battery resulting in substantial bodily harm and mayhem are not prohibited by double jeopardy.

Second, Vergara-Martinez argues that due process and the Sixth Amendment notice requirement prohibit an amendment to the information allowing additional charges to be filed on the second day of a three-day trial. We disagree. Vergara-Martinez failed to object below and on appeal fails to demonstrate that his substantial rights were affected. *See Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (concluding that the failure to object to jury instructions generally precludes appellate

review unless there is plain error, meaning that the asserted error must have affected the defendant's substantial rights). Specifically, Vergara-Martinez fails to demonstrate that a miscarriage of justice occurred and that he was prejudiced by the amendment, since he had adequate notice of the State's theories of prosecution prior to trial based on the previously-filed first and second amended information—both of which alleged the same three charges and featured only minor changes to the language of each charge. *See id.* (stating that "the burden is on the defendant to show actual prejudice or a miscarriage of justice"); *see also Viray v. State*, 121 Nev. 159, 162-63, 111 P.3d 1079, 1082 (2005) (stating that prejudice relating to an information amendment depends on whether a "defendant had notice of the State's theory of prosecution"); *State v. Eighth Judicial Dist. Court*, 116 Nev. 374, 377, 997 P.2d 126, 129 (2000) (holding that the State is required to provide a defendant with adequate notice regarding the various theories of prosecution).

Third, Vergara-Martinez argues that the district court erroneously admitted the following pieces of evidence over his objection: (1) Dr. Coates' expert testimony describing Gomez's wrist wounds as "defensive wounds," despite Dr. Coates' absence at the scene of the attack, because such a statement is speculative and pertains to causation, and (2) non-testifying Dr. Cappana's medical record claiming that the incident was "a classic attempt of beheading," because the Confrontation Clause bars its admission. We disagree. The district court did not abuse its discretion in admitting Dr. Coates' testimony because his opinion was based on facts or data that he had personally observed as the first physician to treat Gomez in the emergency room, and he offered his conclusion to a reasonable degree of medical probability, as evidenced by

the detailed medical support included in his testimony. *See Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008) (stating that the trial court's decisions to admit or exclude evidence are reviewed for an abuse of discretion); *see also* NRS 50.275-.285; *see also Morsicato v. Sav-On Drug Stores, Inc.*, 121 Nev. 153, 158, 111 P.3d 1112, 1116 (2005) (holding that medical expert testimony regarding causation cannot be highly speculative, but must be made "to a reasonable degree of medical probability").

Further, the district court did not err in admitting Dr. Capanna's medical record because the "beheading" statement therein was made during an ongoing emergency in which emergency room doctors were tending to Gomez's life-threatening injuries and, therefore, is considered non-testimonial. *See Crawford v. Washington*, 541 U.S. 36, 68 (2004) (holding that the Confrontation Clause bars only the use of testimonial statements made by witnesses that are unavailable for trial unless the defendant was afforded a prior opportunity for cross-examination); *see also Davis v. Washington*, 547 U.S. 813, 821 (2006) (holding that statements are nontestimonial when made during the course of an ongoing emergency).

Fourth, Vergara-Martinez argues that he was prejudiced by media attention and protestors during trial. We disagree. The district court did not err in failing to remove the trial from Clark County due to publicity surrounding the trial because Nevada does not recognize a district court's power to sua sponte change venue, and Vergara-Martinez failed to apply for removal. *See* NRS 174.464(1) (providing that a party must make an application for removal "in open court, and in writing,

verified by the affidavit of the defendant or district attorney," and serve a copy of the affidavit on the adverse party).

Fifth, Vergara-Martinez argues that the district court permitted prosecutorial misconduct. We conclude that, to the extent that the prosecutor misstated evidence and law and made himself a witness for impeachment purposes, those misstatements do not warrant reversal. Specifically, the three instances in which the prosecutor made himself a witness for impeachment purposes do not warrant reversal because the two unobjected-to incidents do not rise to the level of plain error and the third incident, to which Vergara-Martinez objected, was harmless error because the jury was already aware of the same information based on trial testimony. *Rose v. State*, 123 Nev. 194, 209, 163 P.3d 408, 418 (2007) (stating that this court reviews unobjected-to prosecutorial misconduct for plain error, examining whether the error "had a prejudicial impact on the verdict when viewed in context" or whether the error "seriously affects the integrity or public reputation of the judicial proceedings" (internal quotation omitted)); *see also Valdez v. State,* 124 Nev. 1172, 1188-89, 196 P.3d 465, 476 (2008) ("[T]his court will not reverse a conviction based on prosecutorial misconduct if it was harmless error. . . . If the error is not of constitutional dimension, we will reverse only if the error substantially affects the jury's verdict.") Further, the prosecutor's minor unobjected-to misstatements during closing argument regarding Gomez's injuries do not rise to the level of plain error. Additionally, the prosecutor's statement claiming that alcohol was "wholly irrelevant" is indeed problematic standing alone, but when viewed in context of the prosecutor's entire closing argument, it ultimately describes a correct statement of law, and therefore did not have a prejudicial impact on the verdict in the context of

SUPREME COURT
OF
NEVADA

(O) 1947A

the trial as a whole. *See* NRS 193.220 ("No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his . . . condition, . . . [but] the fact of the person's intoxication may be taken into consideration in determining the purpose, motive or intent."). We finally conclude that the prosecutor's objected-to closing argument statements alleging that alcohol was first mentioned during Sergio Vergara-Martinez's testimony did not substantially affect the jury's verdict under *Valdez* because the jury was aware of the defense's repeated suggestion throughout trial that Vergara-Martinez was intoxicated.

Sixth, Vergara-Martinez argues that the district court abused its discretion in rejecting his proposed jury instruction explaining the defense theory regarding specific intent. We disagree. The district court did not abuse its discretion in denying the proposed jury instruction regarding specific intent because the proposed instruction was substantially covered by instruction 14 and the instruction properly avoided diminished capacity language. *See Ouanbengboune v. State*, 125 Nev. 763, 774, 220 P.3d 1122, 1129 (2009) ("This court reviews a district court's decision to issue or not to issue a particular jury instruction for an abuse of discretion."); *see also Davis v. State*, 130 Nev., Adv. Op. 16, 321 P.3d 867, 874 (2014) ("[T]he district court may refuse a jury instruction on the defendant's theory of the case which is substantially covered by other instructions." (alteration in original) (internal quotation omitted)).

Seventh, Vergara-Martinez argues that he was prejudiced due to "gruesome" and "overly prejudicial" photos presented to the jury during the prosecution's opening statement. We disagree. The district court did not abuse its discretion in permitting the State to present graphic crime scene photos during its opening statement because the trial judge properly

weighed the probative value versus the prejudicial effect of the photos, and the prosecutor did not offer the crime scene photos in an improper attempt to argue the issues during opening statement. *See West v. State*, 119 Nev. 410, 420, 75 P.3d 808, 815 (2003) ("We will not disturb a district court's decision to admit photographic evidence unless the district court abused its discretion."); *see also Theriault v. State*, 92 Nev. 185, 193, 547 P.2d 668, 674 (1976) ("Despite gruesomeness, photographic evidence has been held admissible when it accurately shows the scene of the crime . . . and when it reflects the severity of wounds and the manner of their infliction." (citations omitted)), *overruled on other grounds by Alford v. State*, 111 Nev. 1409, 1415 n.4, 906 P.2d 714, 717 n.4 (1995); *see also Watters v. State*, 129 Nev., Adv. Op. 94, 313 P.3d 243, 247 (2013) ("In a criminal case, the prosecutor's opening statement should be confined to a statement of the issues in the case and the evidence the prosecutor intends to offer." (internal quotation omitted)); *see also* NRS 48.035(1) (stating that relevant evidence is inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues or of misleading the jury").

Finally, Vergara-Martinez argues that the cumulative effect of the errors warrants reversal of his conviction. We disagree. This court will not reverse a conviction based on cumulative error unless there is a showing that the cumulative effect of errors violated the defendant's right to a fair trial. *See Rose*, 123 Nev. at 211, 163 P.3d at 419. When evaluating whether a claim of cumulative error warrants reversal, we consider "(1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged." *Valdez*, 124 Nev. at 1195, 196 P.3d at 481 (internal quotation omitted). Here, the

issue of guilt was not close because Vergara-Martinez admitted to attacking Gomez during his opening statement, conceding counts two and three. Although the charges against Vergara-Martinez were serious, any district court error that occurred was either harmless or did not amount to plain error.[1] Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:     Eighth Judicial District Court Dept. 15
        Clark County Public Defender
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[1]We have considered Vergara-Martinez's remaining arguments and conclude that they are without merit.

SUPREME COURT
OF
NEVADA

(O) 1947A