# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LEONARDO CARDOZA,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 66463 |

FILED

APR 1 4 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT

BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon and attempted murder with the use of a deadly weapon. First Judicial District Court, Carson City; James E. Wilson, Judge.

First, appellant Leonardo Cardoza contends that the information was not adequate to charge first-degree murder. He argues that the charging document failed to allege that the murder was premeditated or that Cardoza deliberated. We disagree. The challenged information included "'a statement of the acts constituting the offense in ordinary and concise language'" and put Cardoza on notice of the State's theory of prosecution. *Viray v. State*, 121 Nev. 159, 162, 111 P.3d 1079, 1082 (2005) (quoting *Jennings v. State*, 116 Nev. 488, 490, 998 P.2d 557, 559 (2000)). An open murder charge need not specify the degree of murder. *See, e.g., Biondi v. State*, 101 Nev. 252, 255, 699 P.2d 1062, 1064 (1985).[1]

---

[1]Cardoza also contends that the State engaged in prosecutorial misconduct for drafting the inadequate charging document. As we

*continued on next page...*

Second, Cardoza contends that the State engaged in prosecutorial misconduct in successfully seeking a cause challenge to a Native-American venireperson and using peremptory challenges to dismiss two Hispanic venirepersons in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). We conclude that this argument lacks merit. As Cardoza did not raise a *Batson* objection in the district court, he waived it. *See Dias v. Sky Chefs, Inc.*, 948 F.2d 532, 534 (9th Cir. 1991) (concluding that *Batson* challenge was untimely where objection to peremptory strikes was made after excluded jurors dismissed and jury had been sworn); *see also Watson v. State*, 130 Nev., Adv. Op. 76, 335 P.3d 157, 166 (requiring objecting party to establish a prima facie case of discrimination under first-step of *Batson* analysis in the district court).

Third, Cardoza contends that the district court erred in permitting him to testify without adequately instructing him on his right to remain silent. We discern no plain error. *See* NRS 178.602; *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003). The district court twice informed Cardoza of his right to testify or remain silent and these colloquies clearly indicated that the decision to testify rested solely with Cardoza. *See generally Phillips v. State*, 105 Nev. 631, 632-33, 782 P.2d 381, 382 (1989) (discussing the privilege against self-incrimination and the right to testify).

Fourth, Cardoza contends that the district court erred in instructing the jury on the elements of involuntary manslaughter and

---

...*continued*
conclude that the information was not inadequate, Cardoza failed to demonstrate prosecutorial misconduct.

felony murder.[2] We discern no plain error. The challenged instruction accurately states Nevada law. *See* NRS 200.070.

Fifth, Cardoza argues that the district court plainly erred in instructing the jury on the elements for first-degree murder. *See Valdez v. State,* 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (reviewing unobjected-to error for plain error affecting substantial rights). In *Byford v. State,* this court disapproved of the *Kazalyn* instruction[3] on its description of the mens rea required for a first-degree murder conviction based on willful, deliberate, and premeditated murder, and provided the district courts with instructions to use in the future. 116 Nev. 215, 233-37, 994 P.2d 700, 712-15 (2000). Specifically, this court concluded that the *Kazalyn* instruction, by defining only premeditation, impermissibly conflated the concepts of deliberation and premeditation and thus blurred the distinction between first- and second-degree murder. *Id.* at 235, 994 P.2d at 713. Accordingly, this court set forth instructions that defined

---

[2]Instruction 20 reads as follows:

> Involuntary manslaughter is the killing of a human being, without any intent to do so, in the commission of an unlawful act, or a lawful act which probably might produce such a consequence in an unlawful manner.

> Where the involuntary killing occurs in the commission of an unlawful act, which, in its consequences, naturally tends to destroy the life of a human being, or it is committed in the prosecution of a felonious intent, the offense is murder.

[3]*Kazalyn v. State,* 108 Nev. 67, 825 P.2d 578 (1992).

willfulness, deliberation, and premeditation. *Id.* at 236-37, 994 P.2d at 714-15.

We conclude that the district court erred in instructing the jury. The given first-degree murder instruction referred to the "'willful, deliberate and premeditated' elements," and instructed that they exist where "there was a determination and design to kill, distinctly formed in the mind at any moment before the act that caused death was committed." It did not provide a definition of deliberation. Thus, the given instruction was essentially the *Kazalyn* instruction which this court rejected in *Byford*, 14 years before Cardoza's trial.

This error was also plain. *See Patterson v. State,* 111 Nev. 1525, 1530, 907 P.2d 984, 987 (1995) (providing that plain error must be "so unmistakable that it reveals itself by a casual inspection of the record"). As first-degree murder was the most severe charge Cardoza faced, this instruction was arguably the most prominent. Further, this court specifically set forth an instruction for district courts to follow over a decade before trial. *Byford,* 116 Nev. at 236-37, 994 P.2d at 714-15. In the years since *Byford,* this court has repeatedly reaffirmed the *Byford* instruction as the proper instruction to use after that decision. *See Nika v. State,* 124 Nev. 1272, 1283-87, 198 P.3d 839, 847-50 (2008); *Rippo v. State,* 122 Nev. 1086, 1096-97, 146 P.3d 279, 286 (2006); *Randolph v. State,* 117 Nev. 970, 985-86, 36 P.3d 424, 434 (2001); *Leonard v. State,* 117 Nev. 53, 74-75, 17 P.3d 397, 410-11 (2001).

Lastly, we conclude that this error prejudiced Cardoza's substantial rights. *See Valdez,* 124 Nev. at 1190, 196 P.3d at 477 ("[A]n error that is plain from a review of the record does not require reversal unless the defendant demonstrates that the error affected his or her

substantial rights, by causing actual prejudice or a miscarriage of justice." (internal quotation marks omitted)). "A plain error affects substantial rights if it had a prejudicial impact on the verdict when viewed in context of the trial as a whole." *Miller v. State*, 121 Nev. 92, 99, 110 P.3d 53, 58 (2005) (internal quotation marks omitted). The evidence of deliberation is not overwhelming. Cardoza had been drinking alcoholic beverages throughout the afternoon and evening. His blood alcohol content was over the legal limit several hours after the incident. Further, Cardoza's inexplicable behavior after he struck the victim—wandering around outside his vehicle, fleeing in his vehicle, crashing into a fence, and stumbling back to the victim's home—is not emblematic of a willful, deliberate, and premeditated murder. Considering this evidence, the jury may not have found Cardoza guilty of first-degree murder had it been instructed that he must have weighed the reasons for or against his action and that an unconsidered and rash act is not deliberate. *Byford*, 116 Nev. at 236, 994 P.2d at 714. We therefore reverse the first-degree murder conviction and remand for a new trial on that charge.[4]

---

[4]Cardoza also contends that the State engaged in prosecutorial misconduct for arguing in support of the challenged instructions. As this argument did not occur in the presence of the jury, Cardoza failed to demonstrate that the any alleged misconduct "so infect[ed] the proceedins with unfairness as to make the results [of the trial] a denial of due process." *Browning v. State*, 124 Nev. 517, 533, 188 P.3d 60, 72 (2008) (internal quotation marks omitted).

Cardoza also contends that cumulative error warrants reversal of his convictions. Other than the first-degree murder instruction, Cardoza failed to demonstrate error, therefore, there is nothing to cumulate.

Having considered Cardoza's contentions and concluded that relief is warranted, we

ORDER the judgment of conviction AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:   Hon. James E. Wilson, District Judge
      Allison W. Joffee
      Attorney General/Carson City
      Carson City District Attorney
      Carson City Clerk