# IN THE SUPREME COURT OF THE STATE OF NEVADA

JUAN DELEON MANNING,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74982

FILED

JUL 2 4 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of commission of a fraudulent act in a gaming establishment. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

On March 15, 2015, Juan Deleon Manning was playing a $5 minimum bet at a blackjack table in a downtown Las Vegas casino. Before the dealer dealt the hand at issue, she swept her hand across the table—indicating that all bets were placed and no one may place any additional bets. The dealer then dealt two cards to each player at the table, and to herself.

Manning looked at his cards and tucked them under his chips, indicating that he did not wish to receive more cards. The value of Manning's cards was 20. Manning's potential outcome in this situation was very favorable. When the dealer looked away, Manning blocked the wager with his hand, and added a five-dollar chip. The hand ended in the dealer "busting," and Manning was paid for his winning hand. A video surveillance agent for the casino watched what happened and Manning was arrested. After a jury trial, Manning was convicted and subsequently sentenced under the large habitual criminal statute to life in prison with the possibility of parole after 10 years.

19-31237

*The district court abused its discretion in allowing the State to amend the information*

Manning contends that the district court erred in allowing the State to amend the information at trial immediately before opening statements. He argues that he was prejudiced by this late amendment because the case had proceeded for two years under a different theory, he had formed a legal strategy based on the State's charging document, and the State completely changed its theory after the court clerk read the information. It wasn't until the reading of the information by the court clerk that the prosecutors realized the information was pleaded in such a way that Manning had a viable defense.[1] We agree.

The district court's decision to allow the State to amend the information is reviewed for an abuse of discretion. *Viray v. State*, 121 Nev. 159, 162, 111 P.3d 1079, 1081 (2005). NRS 173.095(1) allows the district court to permit the amendment of information "at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." NRS 173.075(1) requires an information to contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." Such statement

> must include a characterization of the crime and such description of the particular act alleged to have been committed by the accused as will enable him properly to defend against the accusation, and the description of the offense must be sufficiently full and complete to accord to the accused his constitutional right to due process of law.

---

[1]The State also conceded at oral argument that the prosecutors didn't realize the information was incorrectly pleaded until after the court clerk read the information, blaming a heavy caseload as the reason for the oversight.

*Simpson v. Eighth Judicial Dist. Court*, 88 Nev. 654, 660, 503 P.2d 1225, 1229-30 (1972) (internal quotations and citation omitted), *distinguished on other grounds by Sheriff, Nye Cty. v. Aesoph*, 100 Nev. 477, 686 P.2d 237 (1984).

The initial language in the information stated Manning had unlawfully increased his bet "after the winning hand had been determined." The language was amended during the trial, alleging that he increased his bet "after acquiring knowledge of the outcome of the game." These two phrases have different meanings and because the winning hand had not been determined at the time Manning increased his bet, it would have been difficult, if not impossible, for the State to prove a violation under the language originally charged in the information. Thus, the district court abused its discretion in amending the information during the trial before opening statements because Manning's substantial rights were prejudiced. *See Jennings v. State*, 116 Nev. 488, 490, 998 P.2d 557, 559 (2000) (explaining that a criminal defendant's substantial rights were prejudiced by an amendment to the information because "[t]he Sixth Amendment and Article 1, Section 8 of the Nevada Constitution both guarantee a criminal defendant a fundamental right to be clearly informed of the nature and cause of the charges in order to permit adequate preparation of a defense."). We therefore reverse Manning's conviction and remand for a new trial.

*Manning has shown a prima facie case of vindictive prosecution*

Manning additionally alleges that the State engaged in vindictive prosecution when the prosecutor, Ms. DiGiacomo, who Manning alleges would not normally have handled this case, inserted herself into the prosecution of this case and sought punishment under the large habitual criminal statute. He argues that Ms. DiGiacomo only pursued a conviction



in this case and sought punishment under the large habitual criminal statute because Manning prevailed on his claim for ineffective assistance of counsel and his conviction was vacated in a prior case that Ms. DiGiacomo prosecuted.

"To establish a prima facie case of prosecutorial vindictiveness, a defendant must show either direct evidence of actual vindictiveness or facts that warrant an appearance of such." *United States v. Montoya*, 45 F.3d 1286, 1299 (9th Cir. 1995) (internal quotation marks and citation omitted). Whether a prosecutor has acted vindictively depends "upon the totality of the circumstances surrounding the prosecutorial decision at issue." *United States v. Griffin*, 617 F.2d 1342, 1347 (9th Cir. 1980). "Once a presumption of vindictiveness has arisen, the burden shifts to the prosecution to show that independent reasons or intervening circumstances dispel the appearance of vindictiveness and justify its decisions." *Montoya*, 45 F.3d at 1299 (internal quotation marks omitted).

We conclude that under these facts Manning made a prima facie case of vindictive prosecution and that the district court erred by not holding an evidentiary hearing on Manning's motion prior to trial. Here, the record reflects that Ms. DiGiacomo was the prosecutor on a prior case in which Manning's conviction was overturned and he was released from custody. Significantly, the record reveals and at oral argument Ms. DiGacomo confirmed, that while Manning was awaiting trial in the present case, he received a plea offer for a misdemeanor petty larceny with a 90-day sentence from *another prosecutor in the same office* in another case involving *exactly this crime*. Finally, Ms. DiGiacomo conceded that she was assigned to a different court track in the rural justice courts at the time Manning was held in Las Vegas Justice Court in this case, but ultimately

joined prosecuting Manning "off track" here. Unlike her fellow prosecutor in Manning's other gaming case, Ms. DiGiacomo did not extend a plea offer at all to Manning and sought punishment under the large habitual offender statute.

Despite evidence demonstrating a prima facie case of vindictive prosecution,[2] the district court did not hold an evidentiary hearing regarding this issue. Because Manning presented a prima facie case of vindictive prosecution, on remand we order that the district court conduct an evidentiary hearing on this issue prior to retrial. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[3]

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

---

[2]We make no determination of whether the prosecutor's actions actually amount to vindictive prosecution.

[3]Given our conclusion herein, we decline to address the parties' remaining arguments.

cc: Hon. Michelle Leavitt, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk