IN THE SUPREME COURT OF THE STATE OF NEVADA

CLYDE VEAL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77586

FILED

JAN 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of driving under the influence of alcohol.[1] Second Judicial District Court, Washoe County; Egan K. Walker, Judge.

On the second day of appellant Clyde Veal's jury trial, he informed the court that while he was inside a jail-transport vehicle the previous day he and one of the jurors possibly made eye contact. The district court did not ask the juror what she saw and/or relayed to the other jurors and also denied Veal's motion for a mistrial.

Veal first argues that his rights to a fair and impartial jury and the presumption of innocence were impaired when the district court failed to make a reasonable inquiry into whether a juror was aware he was in custody. We disagree. It is true that an inference of guilt arises when a jury is made aware that the defendant is in custody, and that such an inference could "have the same prejudicial effect as bringing a shackled defendant into the courtroom." *McNelton v. State*, 115 Nev. 396, 407, 990 P.2d 1263, 1270 (1999). But the record in this case lacks any evidence that

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-03315

a juror became aware of Veal's custodial status. Rather, the record shows that Veal initially relayed to one of the court's bailiffs the *possibility* that a juror saw Veal in a jail-transport vehicle. But Veal did not ask the court to question the juror or Veal,[2] with his counsel instead stating she would wait until "after the trial to see if [the juror] knew" Veal was in custody or discussed that knowledge with other jurors.[3] And, notably, the record does not show and Veal does not allege that he was handcuffed or shackled, that he was wearing attire indicating that he was in custody, or that the van had markings indicating it was a jail-transport vehicle, such that there is no evidence or allegation that his presumption of innocence was impaired. *See Nelson v. State*, 123 Nev. 534, 544-46, 170 P.3d 517, 525 (2007) (rejecting an argument that the defendant's presumption of innocence was undermined when there was "no evidence in the record that any juror actually saw" the defendant in leg restraints). *But see Falcon v. State*, 110 Nev. 530, 533, 874 P.2d 772, 774 (1994) (providing that allegations of communication between a juror and non-juror require a hearing to determine if any prejudice occurred); *Viray v. State*, 121 Nev. 159, 163, 111 P.3d 1079, 1082 (2005) (holding that alleged NRS 175.401(1) violations—admonishing jurors not to communicate about the trial—warrant a hearing to determine whether prejudice occurred).

---

[2]Veal inaccurately represents on appeal that the district court rejected an offer to question Veal about the incident—Veal's counsel explicitly told the district court she "[did not] want [Veal] to make a statement."

[3]Veal's counsel also declined the court's invitation to add anything to the record regarding this issue later on in the trial.

Under these circumstances, we cannot conclude that the district court plainly erred in failing to sua sponte question the juror about the incident, especially as Veal provides no law showing that such a failure constitutes error. *See Martinorellan v. State*, 131 Nev. 43, 48, 343 P.3d 590, 593 (2015) (holding that this court reviews both unpreserved constitutional and nonconstitutional errors for plain error, which merit reversal only if the defendant shows actual prejudice or a miscarriage of justice; *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court."). And, even if the district court erred in this regard, any such error was harmless given the overwhelming evidence of Veal's guilt, including eyewitness testimony, Veal's admissions, Veal's unsatisfactory sobriety test performance, blood alcohol testing, and a video of Veal's interaction with law enforcement. *See McNelton*, 115 Nev. at 407, 990 P.2d at 1270-71 (weighing the fact that there was substantial evidence of the defendant's guilt in determining whether the jury's knowledge of defendant's in-custody status was harmless).

Additionally, absent evidence that a juror actually saw Veal in the jail-transport vehicle, Veal failed to make an adequate showing of prejudice to warrant a mistrial. *See Rudin v. State*, 120 Nev. 121, 142, 144, 86 P.3d 572, 586, 587 (2004) (reviewing a district court's denial of a motion for mistrial for an abuse of discretion and explaining that such a motion may be granted where prejudice occurs that denies the defendant a fair trial). Even if the juror saw Veal in the jail-transport vehicle, a mistrial would likely not be warranted. *See Castillo v. Stainer*, 983 F.2d 145, 148 (9th Cir. 1992) (holding that a jury's "brief and accidental viewing of the

SUPREME COURT
OF
NEVADA

(O) 1947A

3

defendant in a corridor, chained [at the waist]," was not constitutionally harmful as it was "an unintended, out-of-court occurrence"). Based on the foregoing, we

ORDER the judgment of conviction AFFIRMED.[4]

_____Pickering_____, C.J.
Pickering

_____Gibbons_____, J.
Gibbons

_____Douglas_____, Sr. J.
Douglas

cc:     Hon. Egan K. Walker, District Judge
        Washoe County Public Defender
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk

---

[4]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.