140 Nev., Advance Opinion 68

IN THE SUPREME COURT OF THE STATE OF NEVADA

HENDERSON CITY ATTORNEY,
Appellant,
vs.
CHRISTOPHER CERRONE,
Respondent.

No. 86637

FILED

OCT 24 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a district court order granting a petition for a writ of mandamus in a criminal matter. Eighth Judicial District Court, Clark County; Erika D. Ballou, Judge.

*Reversed.*

Aaron D. Ford, Attorney General, Carson City; Nicholas Vaskov, City Attorney, Marc M. Schifalacqua, Senior Assistant City Attorney, and D. Matthew Lay, Assistant City Attorney, Henderson, for Appellant.

F. Virginia Eichacker, Special Public Defender, and Ashley Sisolak and Daniel Martinez, Chief Deputy Special Public Defenders, Clark County, for Respondent.

BEFORE THE SUPREME COURT, STIGLICH, PICKERING, and PARRAGUIRRE, JJ.

SUPREME COURT
OF
NEVADA

(O) 1947A

24-40160

## OPINION

PER CURIAM:

The City of Henderson charged respondent Christopher Cerrone with one count of misdemeanor battery constituting domestic violence. Cerrone filed a demand for jury trial. Approximately one month before trial, the City amended the complaint to charge Cerrone instead with one count of misdemeanor battery. Cerrone moved to strike the amended complaint. The municipal court judge denied Cerrone's motion, vacated the jury trial, and scheduled a bench trial. Arguing that the amendment improperly denied his right to a jury trial, Cerrone petitioned the district court for mandamus relief, which the district court granted. The district court concluded that (1) Cerrone had no adequate remedy at law from the municipal court's denial of the motion to strike, (2) a conviction would result in Cerrone losing the right to possess a firearm such that the charge was serious and merited a jury trial, and (3) the City erred in amending the charging instrument. The City appeals, and we agree that the district court abused its discretion.[1]

## DISCUSSION

The City first argues that the district court should not have entertained Cerrone's petition because Cerrone had an adequate remedy in the form of a direct appeal from a judgment of conviction. The district court ruled that Cerrone had no adequate remedy for a purportedly erroneous denial of a jury trial right. Generally, we review a district court's grant of

---

[1]We originally resolved this appeal on June 6, 2024, in an unpublished order. Appellant filed a motion to publish the order as an opinion. Cause appearing, the motion is granted. *See* NRAP 36(e). We now issue this opinion in place of the order.




a petition for a writ of mandamus for an abuse of discretion. *Berrum v. Otto*, 127 Nev. 372, 377, 255 P.3d 1269, 1272 (2011). Where a petition raises a question of statutory interpretation, we review de novo. *Reno Newspapers, Inc. v. Haley*, 126 Nev. 211, 214, 234 P.3d 922, 924 (2010).

Mandamus will lie only where a petitioner lacks a "plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170. Where a defendant asserts an improper deprivation of a right to a jury trial in municipal court proceedings, the claim may be raised on direct appeal to the district court from a conviction—such a remedy is plain, speedy, and adequate. *Amezcua v. Eighth Jud. Dist. Ct.*, 130 Nev. 45, 47, 319 P.3d 602, 603 (2014), *superseded by statute on other grounds as stated in Andersen v. Eighth Jud. Dist. Ct.*, 135 Nev. 321, 448 P.3d 1120 (2019). Given that Cerrone had an adequate remedy in the form of a direct appeal should he be convicted, we conclude that the district court abused its discretion in entertaining Cerrone's mandamus petition.[2]

The City next argues that the municipal court did not manifestly abuse its discretion in permitting the amendment to the complaint. The district court stated that the municipal court's ruling was erroneous without analyzing whether the purported error was a manifest abuse of discretion. The trial court has discretion in determining whether to permit an amendment. NRS 173.095(1) ("The court *may* permit an

---

[2]Cerrone nevertheless argues that the petition could be entertained because it presented an important issue of law requiring clarification as to whether the municipal court could permit the complaint to be amended "on the eve of trial" to deny a defendant's right to a jury trial. Cerrone, however, did not raise this argument in the mandamus petition, and it is therefore waived. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (holding that a point not raised in the trial court will generally be deemed waived).

(O) 1947A

indictment or information to be amended . . . ." (emphasis added)); *cf. WPH Architecture, Inc. v. Vegas VP, LP*, 131 Nev. 884, 890, 360 P.3d 1145, 1149 (2015) (reading "may" as conferring discretion). Where a court has discretion, traditional mandamus against it will lie only where it "has *manifestly* abused that discretion or acted arbitrarily or capriciously"—that is, "only where the law is overridden or misapplied, or when the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill will." *Walker v. Second Jud. Dist. Ct.*, 136 Nev. 678, 680-81, 476 P.3d 1194, 1196-97 (2020) (internal quotation marks omitted). Treating the district court's assignment of error as ruling that the municipal court manifestly abused its discretion, we conclude the district court in turn abused its discretion, for two reasons.

First, the municipal court acted within its discretion in allowing the City to amend the complaint and scheduling a bench trial. As stated, NRS 173.095(1) sets forth the standard governing when a court may permit amendment to a charging instrument. The amendment may not prejudice the defendant's substantial rights or charge an additional or different offense. *Viray v. State*, 121 Nev. 159, 162, 111 P.3d 1079, 1081 (2005). The substantial right at issue is the defendant's right to be clearly informed of the nature of the charges in order to adequately prepare a defense. *Id.* Cerrone did not allege that the amendment left him uninformed about the nature of the charges or impeded him in preparing a defense. Cerrone therefore did not show prejudice to his substantial rights. As to the second concern with amending a charging instrument, a lesser-included offense is not a new or different offense under NRS 173.095. *Benitez v. State*, 111 Nev. 1363, 1364, 904 P.2d 1036, 1037 (1995). Misdemeanor battery is a lesser-included offense of misdemeanor battery constituting domestic violence.

*See* NRS 33.018(1)(a) (providing that domestic battery is battery against a person in an enumerated category); NRS 200.481(1)(a) (defining battery); *see also Estes v. State*, 122 Nev. 1123, 1143, 146 P.3d 1114, 1127 (2006) ("To determine the existence of a lesser-included offense, this court looks to whether the offense in question cannot be committed without committing the lesser offense." (internal quotation marks omitted)), *overruled in part on other grounds by Pundyk v. State*, 136 Nev. 373, 467 P.3d 605 (2020). The amendment thus did not charge an additional or different offense. In concluding that the prosecutors lacked authority to dismiss the charge of battery constituting domestic violence, the district court relied on a version of NRS 200.485(10) that had been superseded, and the current statute does not limit the City in that fashion. *Compare* NRS 200.485(10) (2019) (barring prosecutors from moving to dismiss a domestic battery unless the charge is not supported by probable cause), *with* NRS 200.485(10) (2021) (removing that restriction); 2021 Nev. Stat., ch. 253, § 17(2), at 1324 (providing that the 2021 version applies to judicial proceedings—such as this one—that are unresolved as of January 1, 2022). Accordingly, the municipal court acted within its discretion in allowing the City to amend the charging instrument.

Second, the district court erred in finding that Cerrone was entitled to a jury trial because the charge was for a serious offense on the basis that a conviction would deprive Cerrone of the right to possess a firearm. The right to a jury trial attaches to crimes that are considered "serious" but not those categorized as "petty." *Andersen*, 135 Nev. at 322, 448 P.3d at 1122. An offense with a maximum sentence of six months' incarceration is presumptively petty but is deemed a serious offense if it carries an additional penalty of the loss of the right to possess a firearm.

*Id.* at 323-24, 448 P.3d at 1123-24. Simple battery is subject to a maximum term of six months' imprisonment. NRS 193.150(1) (stating default punishment for misdemeanors); NRS 200.481(2)(a) (stating that an unaggravated battery is a misdemeanor). Cerrone was charged with simple battery and thus faced a possible sentence of six months' incarceration if convicted but did not face the risk of the loss of the right to possess a firearm. *See* NRS 202.360(1)(a)-(c) (listing offenses for which a conviction bars an individual from possessing a firearm without including simple battery among them). Insofar as the district court concluded that Cerrone's conduct, if proved, would implicate NRS 202.360 because the facts alleged involved a domestic component, the district court is mistaken. Misdemeanor battery constituting domestic violence implicates NRS 202.360 if that offense is specifically charged pursuant to NRS 200.485; the substance of a conviction is relevant only where the conviction was obtained in another jurisdiction. NRS 202.360(1)(a). And, to the extent the district court considered consequences potentially imposed by a federal statute, it was mistaken, since collateral consequences imposed by federal law do not reflect a determination by the Nevada Legislature that the offense is serious. *Amezcua*, 130 Nev. at 50, 319 P.3d at 605. NRS 202.360(1)(a) has been amended such that it no longer relies on federal law to define a domestic-violence offense. 2021 Nev. Stat., ch. 253, § 13, at 1320. The operation of a federal statute thus does not entitle a defendant to a jury trial where Nevada statutes do not establish the offense as serious.

We therefore conclude that the district court abused its discretion in ruling that the municipal court erred and that mandamus

relief was appropriate. Accordingly, we order the judgment of the district court reversed.

_____, J.
Stiglich

_____, J.
Pickering

_____ J.
Parraguirre